UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSE DAVID ANARIBAS,
Petitioner,
v.
JEREMY CASEY, Warden, et al.
Respondents.

Case No.: 3:26-cv-5029-CAB-SBC

**ORDER PARTIALLY GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Anaribas Jose David filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 9 ("Petition").] Petitioner is a Honduran citizen who entered the United States without inspection in 2005. [Petition at 2–3.] Petitioner alleges that on May 4, 2026, he was walking home in Florida when a Florida Highway Patrol ("FHP") officer stopped him on the side of the road and asked him to provide his immigration documents. [*Id.* at 3.] When Petitioner told the FHP officer he did not have any, the officer arrested him. [*Id.*] Immigration and Customs Enforcement ("ICE") took custody of Petitioner later that day. [*Id.*]

///

///

///

///

Respondents acknowledge that following the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026),[1] Petitioner is subject to detention under 8 U.S.C. § 1226(a). They therefore do not oppose an order from this Court that Petitioner receive a § 1226(a) bond hearing. [Doc. No. 10 at 2–3.] Respondents however oppose Petitioner's request for immediate release because an administrative warrant was issued for Petitioner the same day he was detained. [*Id.* at 2.]

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *See also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). It is undisputed that ICE issued an administrative I-200 "Warrant for Arrest of Alien" for Petitioner dated on May 4, 2026—the day Petitioner was detained by ICE—and signed by an immigration officer. [Doc. No. 10-1 at 2.] Petitioner argues, however, that Respondents have not proved that the administrative warrant was issued *before* he was taken into ICE custody.

Like many other courts in this District faced with similar circumstances, the Court denies the request for immediate release. *See Nunez Yanez v. Mullin*, No. 26-CV-4934-RSH-MSB, 2026 WL 2790862, at *3 (S.D. Cal. Sep. 17, 2026) (denying request for immediate release where government submitted evidence an administrative warrant was served on petitioner on the same day he was detained); *Calmo Perez v. Mullin*, No. 26-CV-3178-LL-JAC, 2026 WL 1893844, at *2 (S.D. Cal. June 30, 2026) (same); *Ortiz v. LaRose*, No. 26-CV-4127-GPC(MMP), 2026 WL 2392381, at *3 (S.D. Cal. Aug. 17, 2026) (same).

And even assuming without deciding that a same-day warrant is insufficient, Petitioner would still not be entitled to immediate release. He was detained before the Ninth or Eleventh Circuits held that unadmitted noncitizens encountered for the first time

---

[1] The Court also notes that it was not until two days after Petitioner's initial detention in Florida that the Eleventh Circuit held that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A) do not apply to noncitizens like Petitioner. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1262 (11th Cir. May 6, 2026).

were detained under § 1226 and not § 1225. The Court declines to retroactively apply later precedent when Respondents appear to have treated Petitioner subject to § 1225 before that precedent. [*See* Doc. No. 10-1 at 6 ("Subject will remain in ICE custody pending removal proceedings.").]

The Court therefore **PARTIALLY GRANTS** the Petition and **ORDERS** Respondents to provide Petitioner an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its associated regulations within 14 days of this Order, unless Petitioner requests a continuance. If requested by Petitioner, Respondents shall assist him in obtaining an audio recording of the bond hearing.

<u>The Clerk of the Court shall close the case.</u>

It is **SO ORDERED**.

Dated: October 14, 2026

Hon. Cathy Ann Bencivengo
United States District Judge